IN THE
UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| CHARGES ORANGE,<br>STEVE ELLER,<br>BATLOCK, LLC,<br>a Tennessee limited liability company,<br>and SPC INTERNATIONAL, LLC,<br>a Tennessee limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>ROTARY CORPORATION,<br>a Georgia corporation,<br><br>Defendant. | No. _____ |

## COMPLAINT

Plaintiffs file this Complaint for patent infringement and trademark infringement against the Defendant and allege:

### Parties

1. Charles Orange is a natural person and resident of Davidson County, Tennessee.

2. Steve Eller is a natural person and resident of Sumner County, Tennessee.

3. Batlock, LLC is a Tennessee limited liability company with its principal place of business in Davidson County, Tennessee. Each of the members of Batlock is a resident of Tennessee.

4. SPC International, LLC is a Tennessee limited liability company with its principal place of business in Davidson County, Tennessee. Each of the members of SPC

International, LLC is a resident of Tennessee. SPC International, LLC is a corporate affiliate of Batlock, LLC, sharing common ownership and control.

5. Rotary Corporation is a Georgia corporation with its principal place of business in Glennville, Georgia.

6. Rotary Corporation is qualified to do business in the State of Tennessee and has a physical presence in the State of Tennessee. Upon information and belief, Rotary Corporation has a physical presence specifically, without limitation, in portions of Tennessee lying in the Middle District of Tennessee.

7. Rotary Corporation advertises and markets its products in the State of Tennessee, including specifically, without limitation, those portions of Tennessee lying in the Middle District of Tennessee.

## Jurisdiction and Venue

8. This Court possesses personal jurisdiction over the Defendant.

9. This Court possesses exclusive subject-matter jurisdiction over the patent claims in this case pursuant 28 U.S.C. § 1338(a).

10. This Court possesses subject-matter jurisdiction over the trademark claims in this case pursuant to 28 U.S.C. § 1338(b).

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## The Patents

12. Charles Orange and Steve Eller are the inventors of certain useful devices for use in conjunction with heavy batteries, such as vehicle batteries.

13. Charles Orange and Steve Eller patented their devices through the United States Patent and Trademark Office pursuant to 35 U.S.C. § 100 *et seq*.

14. Orange and Eller received patents numbered:

- 6,802,747
- 6,971,925
- 7,029,338
- 7,189,123
- 8,696,280

(the "Batlock Patents") from the United States Patent and Trademark Office.

15. Each of the Batlock Patents is in force as of the date of this Complaint.

16. Each of the Batlock Patents is valid.

17. Each of the Batlock Patents, as of the date of this Complaint, has been assigned to SPC International, LLC, except for Patent No. 7,029,338. Orange and Eller, as of the date of this Complaint, continue to own Patent No. 7,029,338.

18. Prior to July 10, 2014, Patent Nos. 6,802,747; 6,971,925; and 7,189,123 were assigned to Batlock, LLC. On or about July 10, 2014, those patents were assigned to SPC International, LLC.

Patent Infringement

19. Beginning at a date that is currently unknown to Plaintiff, but, on information and belief, by at least December 31, 2013, Rotary Corporation has, within the United States, manufactured and sold battery clamping devices that infringe upon the Batlock Patents in violation of 35 U.S.C. § 100 *et seq*. Furthermore, Rotary Corporation has manufactured within the United States and exported for sale outside the United States battery clamping devices that infringe upon the Batlock Patents.

20. As of the date of this Complaint, Rotary Corporation is manufacturing and selling battery clamping devices in the United States that infringe upon the Batlock Patents.

21. As of the date of this Complaint, Rotary Corporation is manufacturing battery clamping devices that infringe upon the Batlock Patents in the United States and exporting them outside the United States.

21. On information and belief, as of the date of this Complaint, Rotary Corporation is manufacturing and selling:

    A. Lawn and garden battery clamps that infringe Patent No. 7,189,123.

    B. Four different lead-based battery-clamp products that infringe Patent No. 6,802,747.

    C. Lead-free battery clamps that infringe Patent No. 6,971,925.

    D. Side-post battery clamps that infringe Patent No. 7,029,338.

    E. Marine (and other environment) battery clamps that infringe Patent. No. 8,696,280.

Rotary Corporation is manufacturing infringing products in the United States and exporting some of those products outside the United States while also selling some of those infringing products within the United States.

## Trademark Infringement

22. On October 31, 2006, Batlock, LLC registered its trademark with the United States Patent and Trademark Office pursuant to the Lanham Act, 15 U.S.C. § 1051 *et seq*.

23. After October 31, 2006, Batlock, LLC used its trademark in trade and commerce in the United States.

24. On June 7, 2013, Batlock, LLC's trademark with the United States Patent and Trademark Office lapsed.

25. After June 7, 2013, Batlock, LLC continued to use the Batlock name and trademark in intrastate commerce in Tennessee and other States and interstate commerce in the United States.

## CLAIM ONE
## Patent Infringement

26. Plaintiffs reiterate the allegations contained in paragraphs one through twenty-five as if fully incorporated here.

27. Defendant has infringed on each of Plaintiffs' patents in violation of 35 U.S.C. § 100 *et seq*. Plaintiffs have been damaged by Defendant's patent infringement in an amount that is currently unascertainable, but that is reasonably ascertainable upon adequate discovery.

28. Plaintiffs are entitled to disgorgement of Defendant's profits from its manufacture and sale of infringing products or, in the alternative, if a higher amount, for a reasonable royalty, no less than 7% of the gross amount for each sale, for each sale by Defendant of infringing products that it has manufactured in the United States.

29. Plaintiffs are entitled to permanent injunctive relief prohibiting Defendant from manufacturing or selling any products that infringe on Plaintiffs' U.S. patents.

## CLAIM TWO
### Trademark Infringement – Lanham Act

30. Plaintiffs reiterate the allegations contained in paragraphs one through twenty-five as if fully incorporated here.

31. Between October 31, 2006 and June 7, 2013, Defendant used the "Batlock" trademark and trade dress in interstate commerce. Plaintiffs were harmed by Defendant's use of the Batlock trademark and trade dress while the Batlock trademark was registered with the United States Patent and Trademark Office.

32. Customers were harmed by Defendant's use of the Batlock trademark and trade dress while the Batlock trademark was registered with the United States Patent and Trademark Office.

33. Due to violation of the Lanham Act, 15 U.S.C. § 1051 *et seq.*, Plaintiffs are entitled to permanent injunctive relief prohibiting Defendant from using the name "Batlock" in any of its product advertising or packaging.

## CLAIM THREE
### Trademark Infringement – Common Law

34. Plaintiffs reiterate the allegations contained in paragraphs one through twenty-five as if fully incorporated here.

35. After June 7, 2013, Defendant used the "Batlock" trademark and trade dress in interstate commerce. Plaintiffs were harmed by Defendant's use of the Batlock trademark and trade dress after Batlock's trademark registration with the United States Patent and Trademark Office lapsed.

36. Customers were harmed by Defendant's use of the Batlock trademark and trade dress after Batlock's trademark registration with the United States Patent and Trademark Office lapsed.

37. Due to violation of Plaintiffs' common law trademark rights, Defendants are entitled to permanent injunctive relief prohibiting Defendant from using the name "Batlock" in any of its product advertising or packaging.

[The remainder of this page left intentionally blank]

Prayer

WHEREFORE, Plaintiffs request:

1. Disgorgement of profits made by Defendant for manufacture and/or sale of products that infringe the Plaintiffs' U.S. patents;

2. In the alternative, and to the extent that the amount of damages under a reasonable royalty is higher than would be received upon disgorgement of profits, damages to Plaintiffs based on a reasonable royalty of no less than 7% of Defendant's gross sales of infringing products manufactured or sold by it;

3. Permanent injunctive relief prohibiting Defendant from manufacturing or selling products that infringe on Plaintiffs' U.S. patents;

4. Permanent injunctive relief prohibiting Defendant from using the name "Batlock" in any of its product advertising or packaging;

5. A jury to try this cause; and

6. Such other relief as the Court finds to be lawful.

Respectfully Submitted,

_/s C. Mark Pickrell_____
C. Mark Pickrell
The Pickrell Law Group, P.C.
5701 Old Harding Pike
Suite 200
Nashville, TN 37205
mark.pickrell@pickrell.net
(615) 352-9588